**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| Grayling Reaves,<br><br>Plaintiff,<br>v.<br><br>GC Services, L.P.; and<br>DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: 1:10-cv-261<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Grayling Reaves, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Grayling Reaves ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $20,000 (the "Debt") to an educational institution associated with student loans (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. GC Engages in Harassment and Abusive Tactics

12. The Defendants called the Plaintiff numerous times per day, including weekends, placing as many as five phone calls in one day.

13. If the Plaintiff failed to answer a call from the Defendants, they called at least four

to five times, consecutively.

14. The Defendants called the Plaintiff as late as 11:00 at night.

15. The Defendants represented to the Plaintiff that they were calling on behalf of "Educational Credit Management Corporation."

16. The Defendants have attempted to misrepresent that they are calling on behalf of the federal government, telling the Plaintiff, "Mr. Reaves, you owe a debt to the federal government."

17. The Defendants have threatened the Plaintiff with garnishment of his wages, and telling the Plaintiff that they are transferring his call to the "garnishment department."

18. The Defendants have placed several calls to the Plaintiff at his place of employment, despite the Plaintiff's demands that they cease calling him at work.

19. The Defendants failed to send the Plaintiff correspondence informing him of his right to dispute the Debt, or any other rights under state or federal law.

**C. Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.**

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(1) in that Defendants falsely represented to the Plaintiff that it was affiliated with the United States or a government entity.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

39. The Defendants' conduct violated 15 U.S.C. § 1692j in that Defendants falsely designed, furnished and compiled a form that created a belief in the Plaintiff that a person or agency other than the Defendant was collecting the Debt.

40. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

## MD. CODE COMM. LAW § 14-201, ET SEQ.

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

44. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

48. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with daily phone calls to his home and place of employment.

49. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial

burden to her existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

50. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

52. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);
6. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 2, 2010

Respectfully submitted,

By_/s/ Forrest E. Mays__________

Forrest E. Mays (Bar No. 07510)
2341 N Forrest Drive, Suite 90
Annapolis, MD 21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com
MD Bar No. 07510

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
ATTORNEYS FOR PLAINTIFF